Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL ESPECIAL

| | | |
|---|---|---|
| VIVIANE CÓSIMI ANCHER, MARGARITE CÓSIMI ANCHER<br><br>Apelantes<br><br><br>V.<br><br><br>UNDARE, INC.<br><br>Apelada | KLAN202300999 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020CV01458<br><br>Sobre: Cuotas de Mantenimiento |

Panel integrado por su presidente; el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

El 7 de noviembre de 2023, compareció ante este Tribunal de Apelaciones, Viviane Cósimi Ancher y Margarite Cósimi Ancher (en adelante, parte apelante o señoras Cósimi Ancher), mediante *Apelación.* En su recurso, la parte apelante nos solicita la revisión de la *Sentencia* emitida el 3 de octubre de 2023 y notificada el 6 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el aludido dictamen, el foro *a quo*, condenó a la parte apelante a satisfacer la cantidad de $24,738.20, más costas y el interés legal vigente de 5.0% anual hasta el pago total de una deuda a favor de UNDARE, Inc. (en adelante, parte apelada o UNDARE).

Por los fundamentos que a continuación expondremos, se desestima el recurso de epígrafe por falta de jurisdicción, por haber sido presentado de forma tardía.

Número Identificador

RES2023 _____

**I**

Como cuestión de umbral, es menester señalar que, esta es la cuarta ocasión en que las partes comparecen ante este foro revisor dentro del mismo pleito.

Hacemos constar que, el trámite fáctico y procesal del caso fue plasmado en varias resoluciones –y una sentencia– emitidas por este mismo panel, el 6 de julio de 2022[1], el 17 de agosto de 2022[2], y el 31 de enero de 2023; en los recursos con identificación alfanumérica KLCE202200690, KLCE202200738 y KLAN202201002. En vista de ello, nos limitaremos a esbozar el trámite pertinente a la controversia que aquí nos ocupa.

Como bien reseñamos, el 31 de enero de 2023, emitimos *Sentencia*, en la cual modificamos la *Sentencia* emitida el 30 de septiembre de 2022, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En esta determinamos que, UNDARE solo tenía derecho a reclamar por vía judicial el pago de las cuotas vencidas, de los cinco (5) años anteriores al momento en que ocurrió el pago. Así modificada, confirmamos a la primera instancia judicial, y devolvimos el caso a dicho foro, para que UNDARE evidenciara las cuotas cobradas y debidas.[3]

En vista de lo anterior, el 7 de agosto de 2023, la parte apelada presentó ante el foro de primera instancia la *Moción en Cumplimiento de Orden y Para que se Dicte Sentencia Final*. En esta, solicitó a dicho tribunal que, dictara sentencia por la cantidad de $26,874.20, en concepto de cuotas de mantenimiento, intereses y cargos por demora para la cuenta número 107307[4], así como las cuantías acumuladas a partir de la fecha de presentación de la aludida

---

[1] Por medio de la aludida *Resolución* desestimamos el recurso de *certiorari* solicitado por UNDARE.

[2] Por medio de la aludida *Resolución* denegamos la expedición del auto de *certiorari* presentado por las señoras Cósimi Ancher.

[3] Contadas a partir del mes de septiembre de 2013. Ello, debido a que las cantidades reclamadas con anterioridad estaban prescritas.

[4] En ese entonces, adeudados al 1 de agosto de 2023.

moción. En igual fecha, el foro primario le concedió a la parte apelante exponer su posición en cuanto a la moción presentada por la parte apelada, conforme al término dispuesto establecido en la Reglas de Procedimiento Civil, 32 LPRA Ap. V.

El 28 de agosto de 2023 –fecha de vencimiento del término–, la parte apelante solicitó al Tribunal un plazo adicional de cinco (5) días para replicar, el cual fue concedido. Transcurrido el término, la parte apelante solicitó al foro primario una extensión de tiempo adicional para fijar posición.[5] Atendida la misma, dicho tribunal expresó y apercibió a la parte apelante que, de no recibirse la posición en o antes del 15 de septiembre de 2023, resolvería sin el beneficio de su comparecencia.

En cumplimiento con lo ordenado, el 15 de septiembre de 2023, la parte apelante radicó la *Moción en Cumplimiento de Orden*, en la cual, arguyó que, como cuestión de derecho la cuantía de penalidad estaba mal computada. Asimismo, acotó que únicamente procedía la imposición del pago del balance principal –en ese entonces eran $16,020.00– más la penalidad del diez por ciento (10%) de lo adeudado, según dispuesto en la Ley de Control de Acceso[6].

Consecuentemente, el 2 de octubre de 2023, la parte apelada interpuso la *Réplica de Undare a la "Moción en Cumplimiento" de Orden Presentada por Cosimi el 15 de Septiembre de 2023*. En esta, reiteró su posición y solicitó al foro de primera instancia que emitiera "Sentencia Final" condenando a las señoras Cósimi Ancher a pagar la suma de veintiséis mil ochocientos setenta y cuatro dólares con veinte centavos ($26,874.20), en concepto de cuotas de

---

[5] Mediante *Moción Solicitando Autorización para Presentar Réplica y Otros Extremos* presentada el 12 de septiembre de 2023.
[6] Ley Núm. 21 de 20 de mayo de 1987, 23 LPRA sec. 64 et seq.

mantenimiento, intereses y cargos por demora para la cuenta número 107307, así como las cuantías acumuladas.

El 3 de octubre de 2023, notificada el 6 de octubre de 2023, el Tribunal de Primera Instancia emitió la *Sentencia* que nos ocupa. En virtud de esta, recalculó la deuda por concepto de cuotas de mantenimiento, intereses y cargos por demora para la cuenta número 107307 y la cuenta número 107307 (P), para el periodo correspondiente al 1 de septiembre de 2013 al 30 de septiembre de 2022. Consecuentemente, condenó a la parte apelante a satisfacer la cantidad de $24,738.20, más costas y el interés legal vigente de 5.0% anual hasta el pago total de la deuda.

Inconforme, la parte apelante acude ante nos y le imputa al foro apelado la comisión de los siguientes errores:

- Erró el Honorable Tribunal de Primera Instancia al imponer el pago de la cuenta núm. 107307 (p), la cual representa cuotas vencidas y no cobradas que datan al siglo pasado, en violación a la ley del caso y la Sentencia emitida por este Honorable Tribunal en el caso núm. KLAN2022-01002.

- Erró el Honorable Tribunal de Primera Instancia al imponer el pago del balance de la cuenta núm. 107307 (p) sin antes darle notificación oportuna a la parte apelante y concederle la oportunidad de ser oída.

- Erró el Honorable Tribunal de Primera Instancia al imponer el pago de la cuenta "pagaré" a pesar de que el "pagaré" y la cuenta estaban prescritas.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[7].

**II**

*A. Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los

---

[7] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.,* 2023 TSPR 40, 211 DPR ___ (2023); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles,* supra, pág. 500. La ausencia de jurisdicción puede ser levantada *motu proprio,* ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014); *Suffront v. AAA,* supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[8], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[8] 4 LPRA Ap. XXII-B, R. 83.

**B. Perfeccionamiento de Recursos**

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera,* 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker,* supra, pág. 290, *Arraiga v. FSE,* 145 DPR 122, 130 (1998).

Nuestra Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara,* 202 DPR 1062, 1070-1071 (2019). Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero,* 209 DPR 1 (2022); *Yumac Home Furniture v. Caguas Lumber Yard,* 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero,* supra, pág. 4.

Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107.

En lo pertinente, la Regla 13(A) del Reglamento del Tribunal de Apelaciones, respecto al término para presentar un recurso de apelación, dispone lo siguiente:

*Regla 13 – Término para presentar la apelación*

(A)   Presentación de la apelación
Las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia. [...] 4 LPRA Ap. XXII-B, R. 13(A).

Por otro lado, en cuanto a la presentación y notificación, la Regla 14 del Reglamento de este Tribunal dispone lo siguiente:

(A)   La apelación se formalizará presentando el original del escrito de apelación y tres copias en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada. 4 LPRA Ap. XXII-B, R. 14(A).

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes

emitidos por los tribunales inferiores.[9] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[10]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

En el caso ante nuestra consideración, la parte apelante nos solicita que revisemos la *Sentencia* emitida el 3 de octubre de 2023, y notificada el 6 de octubre de 2023 por el foro primario. Al examinar el expediente, pudimos constatar que la parte peticionaria acudió ante este foro revisor el 7 de noviembre de 2023, es decir, fuera del término de treinta (30) días dispuesto en nuestro Reglamento[11], para presentar el recurso de apelación.[12]

Es normativa reiterada que, para que un recurso quede perfeccionado es necesaria su oportuna presentación.[13] Por tanto, el incumplimiento con las disposiciones sobre forma, contenido, presentación y notificación de los recursos puede conllevar su desestimación. Debido a que el recurso de epígrafe fue presentado de forma tardía, nos vemos imposibilitados de atenderlo por falta de jurisdicción.

---

[9] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).

[10] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

[11] 4 LPRA Ap. XXII-B, R. 13(A).

[12] Cabe mencionar que, luego de una revisión en SUMAC nos percatamos que, el 6 de noviembre de 2023, la parte apelante presentó de manera electrónica una moción intitulada *Moción Recurso Ante el Tribunal de Apelaciones*. La aludida moción contenía una sola copia del recurso de epígrafe, sin incluir los documentos que conforman el apéndice. Aclaramos que, nuestro Reglamento no provee para la presentación de los recursos por SUMAC, por lo que el aludido escrito no tuvo efecto interruptor alguno ante este foro.

[13] *González Pagán et al. v. SLG Moret-Brunet*, supra, págs. 1070-1071.

En consecuencia, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal[14], la cual nos confiere facultad para desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

De conformidad a los fundamentos expuestos, se desestima el recurso de epígrafe por falta de jurisdicción, por haber sido presentado de forma tardía.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] 4 LPRA Ap. XXII-B, R. 83(C).